UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Plaintiff,

v.

CURTIS ROSS, VICKI ROSS, and
UNITED STATES OF AMERICA,

    Defendants.

Case No. 2:19-CV-2006

## COMPLAINT IN INTERPLEADER

Plaintiff State Auto Property and Casualty Insurance Company ("State Auto"), pursuant to Federal Rules of Civil Procedure 8(a) and 22, for its complaint in interpleader against Defendants Curtis Ross, Vicki Ross, and United States of America, states and alleges as follows.

### PARTIES, JURISDICTION, AND VENUE

1. State Auto is an insurance company and corporation organized under the laws of the State of Iowa with its principal place of business in the State of Ohio.

2. Defendant Curtis Ross is a resident and citizen of the State of Kansas and an adverse claimant claiming an interest in insurance proceeds under a homeowners insurance policy issued by State Auto.

3. Defendant Vicki Ross is a resident and citizen of the State of Kansas and an adverse claimant claiming an interest in insurance proceeds under a homeowners insurance policy issued by State Auto.

4. Defendant United States of America, by and through the Department of the Treasury - Internal Revenue Service, is an adverse claimant claiming an interest in insurance proceeds under a homeowners insurance policy issued by State Auto.

5. This Court has jurisdiction over State Auto's interpleader action pursuant to 28 U.S.C. §§ 1331, 1340, and 2410(a)(5) because it arises under the laws of the United States relating to internal revenue and involves an interpleader with respect to property on which the United States has or claims a lien.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Rosses reside in this district and a substantial part of the events or omissions giving rise to State Auto's interpleader action occurred in this district.

**FACTUAL BACKGROUND**

7. State Auto issued Homeowners Policy No. HKS0023811 to Curt Ross as the named insured for the policy period March 6, 2016 to March 6, 2017 ("Policy").  A certified copy of the Policy with premium redacted, is attached as Exhibit A.

8. Subject to all other terms and provisions, the Policy states State Auto "will adjust all losses with you" and "will pay you unless some other person . . . is legally entitled to receive payment."  (Exhibit A, page 39)

9. On July 7, 2016, the Rosses sustained a loss of personal property at the off-premises structure located at 611 E. 7th St., Eureka, KS 67045 as a result of a tornado.

10. On July 8, 2016, the Rosses reported the claim for loss of personal property to State Auto, seeking to recover insurance proceeds under the Policy for damages resulting from the July 7, 2016 tornado.

11. During State Auto's investigation and evaluation of the Rosses' claim for loss of personal property resulting from the July 7, 2016 tornado, State Auto discovered that on May 19, 2014, the Chicago, Illinois office of the Internal Revenue Service filed a Notice of Federal Tax Lien with the Greenwood County, Kansas Register of Deeds in the total amount of $164,538.29

for unpaid taxes owed by taxpayer "Curt A Ross & Vicki Lindsey-Ross," 430 N Myrtle Street, Eureka, KS 67045-1846.  A true and correct copy of the Notice of Federal Tax Lien is attached as Exhibit B.

12. During examinations under oath taken on January 4, 2018, both of the Rosses testified that they disagreed with and disputed the amount of unpaid taxes in the Notice of Federal Tax Lien.

13. On May 30, 2018, State Auto and the Rosses reached a settlement in principle regarding the Rosses' claim under the Policy for loss of personal property resulting from the July 7, 2016 tornado; specifically, the Rosses agreed to a full, final, and complete release of all claims against State Auto related to the Rosses' claim under the Policy for loss of personal property resulting from the July 7, 2016 tornado in exchange for State Auto's payment of $130,000 upon the Rosses' resolution of issues related to the Notice of Federal Tax Lien.

14. Since May 30, 2018, State Auto has followed up numerous times with the Rosses regarding the status of their efforts to resolve issues related to the Notice of Federal Tax Lien; however, the Federal Tax Lien remains outstanding and unresolved.

## CLAIM FOR RELIEF

### (Interpleader)

15. State Auto incorporates and re-alleges paragraphs 1 through 14 as if fully set forth herein.

16. As a result of State Auto's settlement in principle with the Rosses, insurance proceeds in the amount of $130,000 are due and owing under the Policy with respect to the Rosses' claim under the Policy for loss of personal property resulting from the July 7, 2016 tornado.

17. In light of the competing claims to the insurance proceeds by the Rosses and the United States of America, these proceeds in the amount of $130,000 remain in State Auto's possession.

18. Because the Federal Tax Lien remains outstanding and unresolved, State Auto is exposed to multiple liability if payment is made to the Rosses or United States of America.

19. State Auto, therefore, is interpleading the amount of the insurance proceeds due and owing under the Policy with respect to the Rosses' claim for loss of personal property resulting from the July 7, 2016 tornado so that the Court can determine to whom and in what amount these funds should be paid.

WHEREFORE, State Auto respectfully requests that judgment be entered against Defendants as follows:

1. Releasing and discharging State Auto from all liability to any party with respect to the insurance proceeds due and owing under the Policy for the Rosses' claim for loss of personal property resulting from the July 7, 2016 tornado;

2. Dismissing State Auto as a party to this action and requiring Defendants to litigate among themselves their respective claims to the insurance proceeds due and owing under the Policy;

3. Enjoining and restraining Defendants from instituting any proceeding, in this or any other court, against State Auto with respect to the insurance proceeds due and owing under the Policy; and

4. Awarding State Auto such additional relief as shall be deemed appropriate in the circumstances, together with its costs and attorneys' fees under applicable law.

Dated this 4th day of January, 2019.

                              STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, Plaintiff

                              *s/ Angela Probasco*
                              Angela Probasco, #27085
                              FOLAND, WICKENS, ROPER, HOFER
                                    & CRAWFORD, P.C.
                              1200 Main Street, Suite 2200
                              Kansas City, MO 64105
                              (816) 472-7474
                              aprobasco@fwpclaw.com