**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STATE AUTO PROPERTY AND )<br>CASUALTY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CURTIS ROSS, VICKI ROSS, AND )<br>UNITED STATES OF AMERICA, )<br>)<br>Defendants, )<br>)<br>MICHAEL C. HELBERT )<br>Intervenor Plaintiff. )<br>) | Case No. 19-02006-CM-TJJ |

## MEMORANDUM AND ORDER

Intervenor-plaintiff Michael C. Helbert moves the court to approve a stipulation of attorney's fees between intervenor-plaintiff and the United States and to authorize payment from the interpleaded fund in the amount of his attorney's lien. (Doc. 33.)

**I.  FACTUAL BACKGROUND**

This case arises out of competing claims to $130,000 in insurance proceeds paid by State Auto Property and Casualty Insurance Company ("State Auto") in settlement of defendants' claim for loss. The proceeds are allegedly subject to a federal tax lien. State Auto originated the above-captioned action by complaint in interpleader, asking the court to release State Auto from liability with respect to the insurance proceeds and to require defendants and the United States to litigate competing claims amongst themselves. State Auto deposited the disputed proceeds with the court (the "interpleaded fund"), and the court dismissed State Auto from the case.

The instant motion arises from a third interest in the fund: intervenor-plaintiff previously represented defendants in both the above-captioned action and the settlement obtaining the interpleaded fund. Due to non-payment of attorney's fees, intervenor-plaintiff withdrew from representing defendants in this case. Intervenor-plaintiff alleges an attorney's lien in the fund in the amount of his reasonable attorney's fees of $8,176.01, and the United States has stipulated that intervenor-plaintiff's lien is first and prior to the government's interest.

## II.     DISCUSSION

If an attorney holds a lien or contract for fees that is valid under local law and enforceable against a judgment or settlement obtained by the attorney, and the Internal Revenue Service also has a tax lien enforceable against that judgment, the attorney's lien or contract takes priority to the extent it covers reasonable compensation incurred in the process of obtaining that judgment or settlement. 26 U.S.C. § 6323(b)(8); *see Leathers v. Leathers*, 856 F.3d 729, 763–64 (10th Cir. 2017); *United States v. Simpson-el*, No. 6:07-CR-10161-JTM-1, 2016 WL 2646704, at *2 (D. Kan. May 10, 2016) ("IRS Code recognizes a 'super-priority' lien for attorneys who litigate a successful settlement and[] create a fund that benefits the government . . . ."). "Under Kansas law[,] . . . an attorney has a lien for compensation on money in his possession belonging to his client and on money in the adverse party's possession belonging to his client." *Leathers*, 856 F.3d at 764 (citing Kan. Stat. Ann. § 7-108).

The interpleaded fund in this case results from a settlement between defendants and State Auto. (Doc. 1, at 3.) On July 9, 2019, intervenor-plaintiff filed his Motion to Intervene (Doc. 24), claiming that he represented defendants in a previous action concerning the payment of proceeds owed by State Auto, and that the interpleaded fund results from intervenor-plaintiff's prior representation. (*See* Doc. 29, at 1.) Furthermore, intervenor-plaintiff and the United States have jointly stipulated that intervenor-plaintiff's lien is first and prior to the government's interest in the fund. (Doc. 31.)

Accordingly, it appears that the interpleaded funds are the result of a settlement obtained through the services of intervenor-plaintiff, and so the subject of an attorney's lien having priority over the government's interest in the funds. 26 U.S.C. § 6323(b)(8); *see* Kan. Stat. Ann. § 7-108. Because the interpleaded fund is properly the subject of an attorney's lien under § 6323(b)(8), the court concludes that intervenor-plaintiff Michael C. Helbert holds a first and prior lien in the interpleaded fund in the amount of his reasonable compensation for representing defendants in obtaining the fund.

However, the court cannot yet approve distribution in the requested amount. Although intervenor-plaintiff asks the court to approve distribution of $8,176.01 in attorney's fees (Doc. 33), and states that he provided a copy of the relevant fee agreement and an itemized statement to the United States (Doc. 29, at 2), he has not filed similar redacted copies with the court. Because § 6323(b)(8) provides priority to reasonable attorney's fees attributable to the efforts that obtained the interpleaded fund, the court has an obligation to confirm that intervenor-plaintiff's requested fees correspond to that representation. *See Leathers*, 856 F.3d at 765–66. Accordingly, intervenor-plaintiff must submit support for his reasonable attorney's fees, either through redacted filing or for *in camera* review.

**IT IS THEREFORE ORDERED** that intervenor-plaintiff's Motion to Approve Stipulation (Doc. 33) is granted in part. The court finds that intervenor-plaintiff Michael C. Helbert holds a first and prior lien on the interpleaded fund in the amount of his reasonable attorney's fees in obtaining the fund.

**IT IS FURTHER ORDERED** that on or by Tuesday, October 29, 2019, intervenor-plaintiff shall submit support for his reasonable attorney's fees in obtaining the interpleaded fund, either by redacted filing or for *in camera* review. After this submission, the court will set deadlines for distribution and any party objections.

Dated this 15th day of October, 2019, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**