# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STATE AUTO PROPERTY and
CASUALTY INSURANCE COMPANY,

       *Plaintiff,*

and

MICHAEL C. HELBERT,

       *Plaintiff/Intervener,*

v.

CURTIS ROSS, VICKI ROSS, and THE
UNITED STATES OF AMERICA

       *Defendants.*

Case No. 19-2006-EFM-TJJ

## MEMORANDUM AND ORDER

This order resolves adverse claims to $121,823.99 of interpleaded insurance proceeds. The proceeds originated under a policy held by Curtis and Vicki Ross. The United States of America, however, claims that liens against the Ross' property for unpaid taxes entitle it to the proceeds. Because the United States' uncontroverted evidence support its claim, the Court grants the United States' Motion for Summary Judgment Against Curtis Ross and Vicki Ross (Doc. 37).

### I.      Factual and Procedural Background[1]

---

[1] As the Rosses neither controvert the United States' evidence nor present evidence of their own, the Court takes this section's facts exclusively from the United States' admissible evidence. *See* Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion.").

On May 30, 2018, Greenwood County, Kansas residents Curtis and Vicki Ross settled a tornado-related, loss-of-personal-property claim under their State Auto homeowners' insurance policy for $130,000.

Before that, however, the Rosses accrued considerable tax liabilities. Belatedly for tax years 2007, 2010, and 2011, but timely for tax years 2012 and 2013, the Rosses jointly filed income tax returns that reported owed tax. The Rosses, however, failed to pay those taxes. Those taxes, associated penalties, and accrued statutory interest were later assessed against the Rosses on dates between April 2013 to May 2014. Accompanying notices and demands for payment followed each assessment. Despite those assessment notices and demands, the Ross' tax liabilities remain unpaid and continue to accrue further interest and statutory additions. In May 2014 and July 2017, the United States filed notices of federal tax liens with the Greenwood County, Kansas Register of Deeds. The following chart summarizes these events and the Ross' assessed and unpaid federal income tax liabilities:

| Tax Period | Assessment Date | Lien Filing Date | Outstanding Balance as of September 27, 2019 |
|---|---|---|---|
| 2007 | September 23, 2013 | May 19, 2014 | $26, 037.74 |
| 2010 | April 29, 2013 | May 19, 2014 | $92,576.75 |
| 2011 | April 29, 2013 | May 19, 2014 | $82,282.82 |
| 2012 | September 2, 2013 | | $3,037.91 |
| 2013 | May 26, 2014 | July 12, 2017 | $59,040.68 |
| | | **Total:** | **$262,975.90** |

When the Rosses failed to resolve these liens after settling their insurance claim with State Auto, State Auto filed this interpleader action. Since that time, the Court has taken the $130,000 policy proceeds into its registry and dismissed State Auto;[2] allowed the Ross' former attorney,

---

[2] *See* Doc. 27.

Michael C. Helbert, leave to withdraw and intervene;[3] and disbursed $8,176.01 of the interpleaded proceeds to satisfy Helbert's priority lien for unpaid attorney's fees incurred in representing the Rosses.[4] Vicki Ross, but not Curtis Ross, has since retained new counsel. The United States now moves for summary judgment. Along with its motion, the United States provided Curtis Ross a notice explaining Federal Rule of Civil Procedure 56 and the procedure a nonmovant should follow to oppose summary judgment.[5] To date, neither Curtis nor Vicki Ross has filed any response to the United States' motion.

## II.     Legal Standard

To earn summary judgment, the United States, as the moving party, must show that genuinely undisputed facts entitle it, as a matter of law, to judgment.[6] Once the United States shows that some legally material fact is absent, the Rosses, as the nonmoving parties, bear the burden to "'set forth specific facts showing that there is a genuine issue for trial.'"[7] The Court credits any evidence and accompanying reasonable inferences the Rosses produce.[8] But still, to create a "genuine," trial-worthy dispute, the Rosses must support their factual position with more than their responsive pleading's allegations and a scintilla of evidence.[9] They instead must

---

[3] *See* Dkt. No. 23; Doc. 28.

[4] *See* Doc. 36.

[5] *See* Docs. 37 and 38.

[6] Fed. R. Civ. P. 56(a).

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation omitted).

[8] *Id.* at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

[9] *Id.* at 266.

produce such admissible evidence "that a reasonable jury could return a verdict for [them]."[10] And though Curtis Ross' pro se status entitles his filings to "a liberal reading,"[11] it does not "excuse [him] from following the strict requirements of Rule 56 in order to properly contest a summary judgment motion."[12]

### III.     Analysis

The United States' summary judgment motion asks this Court to enforce federal tax liens against the interpleaded insurance proceeds. "If a taxpayer neglects or refuses to pay his [or her] taxes after assessment, notice, and demand, a lien arises in favor of the United States 'upon all the property and rights to property' belonging to the taxpayer."[13] That lien attaches as of "the time the assessment is made."[14] It "remains attached . . . until the lien is satisfied or becomes unenforceable by reason of lapse of time."[15] And it "also attaches to after-acquired property."[16]

Here, uncontroverted facts show the United States' entitlement to the remaining $121,823.99 of interpleaded proceeds. By declaration and certificates of assessments,[17] the United

---

[10] *Id.* at 248.

[11] *Abdullhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).

[12] *Schlecht v. Lockheed Martin Corp.*, 626 F. App'x 775, 778–79 (10th Cir. 2015) (citing *Abdullhaseeb*, 660 F.3d at 1310).

[13] *Amesquita v. Comm'r*, 430 F. App'x 690, 691 (10th Cir. 2011) (quoting 26 U.S.C. § 6321).

[14] 26 U.S.C. § 6322.

[15] *Russell v. United States*, 551 F.3d 1174, 1179 (10th Cir. 2008); *see also* 26 U.S.C. § 6322.

[16] *United States v. Cache Valley Bank*, 866 F.2d 1242, 1244 (10th Cir. 1989); *cf. Kane v. Capital Guardian Tr. Co.*, 145 F.3d 1218, 1221 (10th Cir.1998) ("The reach of a federal tax lien is broad. Congress intended the lien 'to reach every interest in property that a taxpayer may have.' *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719 –20 (1985).").

[17] These evidentiary presentations suffice to support the United States' factual positions. *See* Fed. R. Civ. P. 56(c)(1)(A) (allowing a "party asserting that a fact cannot be . . . genuinely disputed" to "support th[at] assertion by citing to particular . . .documents . . . [and] affidavits or declarations"); *United States v. Neilson*, 1992 WL 401598, at *3 (10th Cir. 1992) ("Certificates of assessments fall within the public records exception to the rule against

States proves that the Rosses owed but failed to pay taxes for tax years 2007 and 2010–2013. For each of these tax years, the United States timely sent the Rosses the required assessments and demands for payment. Yet, the tax liabilities assessed against the Rosses remain unpaid, totaling $262,975.90 as of September 27, 2019. As of the above-listed 2013 and 2014 assessment dates, therefore, tax liens arose in the United States' favor. When the destruction of the Ross' personal property later resulted in an insurance settlement, the United States' lien extended to that after-acquired property interest. And because the Ross' outstanding tax liabilities exceed the interpleaded proceeds' value, the United States' valid and subsisting tax liens entitle it to the entirety of the remaining interpleaded proceeds.

**IT IS THEREFORE ORDERED** that the United States' Motion for Summary Judgment Against Curtis Ross and Vicki Ross (Doc. 37) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court disburse all remaining interpleaded funds held by the Court registry to the United States of America so that those funds may be applied to the United States' outstanding tax liens.

**IT IS SO ORDERED**.

Dated this 14th day of July 2020.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

hearsay"); *c.f. Long v. United States*, 972 F.2d 1174, 1181 (10th Cir. 1992) ("For purposes of granting summary judgment, a Certificate of Assessments and Payments"—the evidence on which the United States relies here—"is sufficient evidence that an assessment was made in the manner prescribed by [statute and regulation]."); *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002) ("It is well established in the tax law that an assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court.").